

# Missouri Court of Appeals

## Southern District

### Division Two

JOHNNY ROBERTS and DEBRA ROBERTS, )
)
)
Plaintiffs-Respondents, )
)
vs. )   No. SD33993
)
WAYNE J. SHAW, Deceased, LINDA )   **Filed:  March 23, 2016**
LANE, and RICHARD OGDEN, )
TRUSTEE OF TOWN & COUNTRY )
BANK, )
)
Defendants, )
)
and BETTY J. SHAW, )
)
Defendant-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable David Gregory Warren, Senior Judge

**REVERSED AND REMANDED**

This case involves a long country lane or roadway located in Phelps County, Missouri, which crosses at least two different tracts of land[1] and ends at two private residences or farms. The case commenced in 2004, when Johnny and Debra Roberts ("Respondents"), James Roberts and Edna Roberts (now deceased) filed their petition in the Circuit Court of Phelps County,

---

[1] *See* SD33992, ***Roberts, et al. v. Lane***, also filed this date.

1

Missouri, seeking to establish an easement by prescription or, in the alternative, to establish the lane as a private road or way of necessity. The case proceeded to trial in 2005, with the dispute being the width and possible usage of the lane in dispute. In the original order after trial, the trial court made findings about the use and width of the road and as to various gates, but directed the surveyor to provide a survey description of the roadway.

Specifically, the trial court in 2005 entered an order finding that Respondents were entitled to a prescriptive easement across the property of both defendants because both stipulated and admitted that Respondents were entitled to such an easement. The court found that this was a one-lane dirt road that had stayed substantially the same throughout its years of use; it was basically a beaten path. The road measurement varied from 8 1/2 feet wide to its widest point of 14 feet "where they had moved over to avoid a mud hole." The issue was the width of the easement and whether the defendants have the right to maintain the five gates currently set on the road. The evidence indicated that the use under which the prescriptive rights were acquired involved the continuing inconvenience and burden of the current gates. The order also stated that the road would be a minimum of ten feet wide per the survey with an additional three feet width to get out of the vehicle to open the gate. The order further ordered Elgin Surveying and Engineering, Inc., "to furnish the court with a survey description across both Defendant[s'] properties, reflecting a minimum of ten feet (10') wide road except where the road is already ten feet (10') or wider." (Emphasis in original). The court further noted that the natural barriers including a row of trees and a lagoon existing during the prescriptive period which may narrow the road were not ordered to be removed in order to enlarge the road.

The trial judge who entered that order left the circuit court and a subsequent judge was appointed. No further hearings were held from the time of the 2005 hearing; however, on May

2

14, 2015, a successor trial judge entered an order granting a 25-foot easement and making further orders. Defendant Betty J. Shaw ("Appellant") claims the court erred in declaring a 25-foot easement because there was no evidence to support a finding that the easement had been that wide during the prescriptive period and that the successor judge was without authority to enter a judgment based on testimony and evidence heard by his predecessor. We agree with Appellant's second point. The successor judge, without taking further testimony or evidence, entered an order that was contrary to the findings of the trial judge.

"Under Missouri law, a successor judge is without power to render a judgment based on testimony and evidence heard by his predecessor absent a stipulation by the parties." *Central Bank of Kansas City v. Costanzo*, 873 S.W.2d 672, 674 (Mo.App. W.D. 1994); *Ard v. Shannon County Commission*, 424 S.W.3d 468, 475-76 (Mo.App. S.D. 2014). In this case, there is no stipulation of the parties that a judgment may be entered. Respondents cite to Rule 79.01[2] contending that the successor court had the power to enter a judgment in this case. Rule 79.01 does allow for another judge to perform the duties of a judge who leaves office; however, in this case, the successor court exceeded the powers granted under Rule 79.01 by granting judgment, without evidence, far in excess of what the trial court had written as findings supported by the record. Rule 79.01 allows the successor court to perform the duties of the trial court "*after a verdict is returned or findings of fact are filed*." Rule 79.01 (emphasis added). As noted above, the court found that the road was a one-lane dirt road that was basically a beaten path, measuring from 8 1/2 feet wide to the widest point of 14 feet. The successor judge morphed that road into a 25-foot easement with no testimony concerning different usage of the road and without a

---

[2] All rule references are to Missouri Court Rules 2015, unless otherwise specified.

stipulation of the parties, further hearings or further evidence. The final judgment is contrary to the findings of fact of the original trial court.

We must reverse and remand the judgment for further proceedings consistent with this opinion. In the absence of a stipulation of the parties to proceed, the court must either make a judgment consistent with the findings of the original trial court that heard the evidence or hold a new hearing.

Nancy Steffen Rahmeyer, J. - Opinion Author

Gary W. Lynch, J. - Concurs

William W. Francis, Jr., J. - Concurs